The opinion of the Court, was delivered by
Ryerson J.
Brick, the above named intestate, died insolvent. The administrator has proceeded to ascertain the debts to be paid a ¡d the fund for their liquidation as directed by “ An act concerning the estates of persons who die insolvent; ” Rev. L. 766. The amount of that fund is the chief matter in controversy, which has led to the prosecution of this writ. But it is not necessary *99 to express any opinion on the merits of the dispute. Tiie court below, did not afford a proper opportunity to inquire into the correctness of the amendment by them made in the statement of the funds for the payment of debts. It seems, that at the commencenieut of their term, the court made a decree, finally settling the claims on the estate, and the assets in the hands of the administrator. At a subsequent day in the same term, and without any notice to 1 he parties, and without any appearance before the court, of the greater part of the creditors, or any kind of public notice, except what resulted from the very proceeding itself, the court made what is said to bo a correction in the account, by which the fund for the payment of debts, was diminished more than four hundred and fifty dollars or more than one third of the entire amount. The parties interested in the estate, had a right to be heard before this important alteration was made. But how could they be heard, without notice, either personal, by advertisement, or otherwise ? This notice not having been given, the decree, as it now stands, is erroneous, and should be set-aside.
The proceeding was incorrect in another particular. As the account was presented to the court, it had been sworn to, by the administrator. The court altered it, in both sides of the aoeounfc, by striking out, and interlining; bat still preserving the aspect or having been sworn to, in its amended form. That is, in appearance at least, showing the administrator, as having sworn to the truth of that, which he never had. This mode of proceeding was manifestly wrong, and might involve an innocent man in a very serious predicament, or screen a guilty one from deserved censare. The court should have stated the account de novo ; Or should have brought down the balances, and made their corrections, by additions, or deductions, at the foot, not touching the account as sworn to.
Hobxblower, C. J. and Ford, J. concurred.

Decree of the Orphans’ Court, set-aside.